UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,  Case No. 15-20382
          Plaintiff,
v  Hon. Victoria A. Roberts

**PAUL NICOLETTI**,
          Defendant.
_____

## MOTION TO ADJOURN TRIAL

Defendant Paul Nicoletti, by his attorney John Minock, requests that this Court grant his motion for the following reasons:

1.  Defendant is charged in a four count indictment with one count of conspiracy to commit bank fraud and three counts of aiding and abetting bank fraud.

2.  Two days ago, the government filed a motion to exclude defense evidence and arguments regarding the misconduct and negligence of Fifth Third regarding the loans at issue. Defendant opposes the motion and is working on a response.

3.  If the motion is granted in whole or in part, it would substantially restrict the defense theories, lines of cross examination, and evidence the defense can present, including whether the testimony of a prospective defense expert witness will be admitted. In order to be able to prepare effectively (and not waste a significant

number of hours and effort), defense counsel needs to know what the ruling will be. Given that Defendant has time to respond to the motion, and the government has time to reply to that response, and the time it takes the court to resolve the issue, a ruling on the motion will come too close to the trial date for Defendant to react effectively. Tthe government also needs to know the scope of the defense which will be allowed at trial in order for it to prepare.  An adjournment of the trial date is necessary.

4.     An adjournment is also necessary because of outstanding discovery issues.  Fifth Third Bank is the alleged victim of the fraud and conducted its own extensive investigation into the conduct which is the subject fo the indictment.

5.     Months ago, defense counsel asked counsel for the government whether the government had obtained certain items or information from Fifth Third related to the case, and the government replied the requested items and information were not in its possession.  Defense counsel has made repeated inquiries regarding whether those items are available from Fifth Third during the last several months.  Those items and information are included in Defendant's unopposed motion  for leave to issue subpoenas duces tecum to Fifth Third, which is pending.  R 44.

6.     Counsel for the government attempted to find out from Fifth Third whether the items are available, but Fifth Third has been very slow to respond.  On Monday, February 6, 2017, defense counsel spoke in a conference call to counsel for

the government and the Fifth Third investigator who conducted the bank's investigation and asked whether the items were available. The investigator replied that due to the passage of time, it is possible they were not preserved. The investigator promised to provide an answer as soon as practically possible, but as of this writing the investigator has answered, late yesterday afternoon, regarding only two of the four items.

7.  The requested information may provide admissible evidence and is of importance to the defense for trial preparation. The remaining two items, if produced, may be too voluminous to review in advance of trial.

8.  Counsel for the government does not object to the relief requested.

**WHEREFORE**, Defendant requests the Court adjourn the trial date.

Dated: February 23, 2017                s/John Minock
                                                    Attorney for Defendant
                                                    339 E. Liberty Street, Suite 200
                                                    Ann Arbor, Michigan  48104
                                                    734-668-2200; fax: 734-668-0416
                                                    jminock@cramerminock.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,            Case No. 15-20382
        Plaintiff,
v                                                                    Hon. Victoria A. Roberts

**PAUL NICOLETTI**,
        Defendant.
_____

**BRIEF IN SUPPORT OF MOTION TO ADJOURN**

John Minock
Attorney for Defendant
339 E. Liberty Street, Suite 200
Ann Arbor, Michigan 48104
734-668-2200; fax: 734-668-0416
jminock@cramerminock.com

## TABLE OF CONTENTS

Statement of Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

ARGUMENT

I.  WHERE RESOLUTION OF AN IMPORTANT GOVERNMENT MOTION TO RESTRICT THE SCOPE OF THE DEFENSE IS IMPORTANT TO BOTH PARTIES TO PREPARE FOR TRIAL, AND WHERE THERE ARE OUTSTANDING DISCOVERY REQUESTS TO WHICH FIFTH THIRD BANK HAS BEEN SLOW TO RESPOND, AN ADJOURNMENT OF THE TRIAL IS NECESSARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT OF ISSUE PRESENTED

I.  WHERE RESOLUTION OF AN IMPORTANT GOVERNMENT MOTION TO RESTRICT THE SCOPE OF THE DEFENSE IS IMPORTANT TO BOTH PARTIES TO PREPARE FOR TRIAL, AND WHERE THERE ARE OUTSTANDING DISCOVERY REQUESTS TO WHICH FIFTH THIRD BANK HAS BEEN SLOW TO RESPOND, IS AN ADJOURNMENT OF THE TRIAL NECESSARY?

I. **WHERE RESOLUTION OF AN IMPORTANT GOVERNMENT MOTION TO RESTRICT THE SCOPE OF THE DEFENSE IS IMPORTANT TO BOTH PARTIES TO PREPARE FOR TRIAL, AND WHERE THERE ARE OUTSTANDING DISCOVERY REQUESTS TO WHICH FIFTH THIRD BANK HAS BEEN SLOW TO RESPOND, AN ADJOURNMENT OF THE TRIAL IS NECESSARY.**

Defendant is charged in a four count indictment with one count of conspiracy to commit bank fraud and three counts of aiding and abetting bank fraud.

On February 21, 2017, the government filed a motion to exclude defense evidence and arguments regarding the misconduct and negligence of Fifth Third regarding the loans at issue. Defendant opposes the motion and is working on a response.

If the motion is granted in whole or in part, it would substantially affect the defense theories, lines of cross examination, and evidence the defense can present, including whether the defense can present testimony from a prospective defense expert witness. In order to be able to prepare effectively, defense counsel needs to know whether or how the ruling will affect the scope of the defense. Given that Defendant has time to respond to the motion, and the government has time to reply to that response, and the time it takes the court to resolve the issue, a ruling on the motion will come too close to the trial date for Defendant to react effectively. The government also needs to know the scope of the defense which will be allowed at trial

in order for it to prepare.  An adjournment of the trial date is necessary.  Of course, whether to grant an adjournment is within the court's discretion.

An adjournment is also necessary because of outstanding discovery issues. Fifth Third Bank is the alleged victim of the fraud and conducted its own extensive investigation into the conduct which is the subject of the indictment.  Months ago, defense counsel asked counsel for the government whether the government had obtained certain items or information from Fifth Third related to the case, and the government replied the requested items were not in its possession.  Those items and information are included in Defendant's unopposed motion for leave to issue subpoenas duces tecum to Fifth Third, which is pending.  R 44.

Counsel for the government attempted to find out from Fifth Third whether the items and information defense counsel has inquired are available, but Fifth Third has been very slow to respond.  On Monday, February 6, 2017, defense counsel spoke in a conference call to counsel for the government and the Fifth Third investigator who conducted the bank's investigation and asked whether the items or information were available, and the investigator replied that due to the passage of time, it is possible they were not preserved.  The investigator promised to provide an answer as soon as practically possible, but as of this writing the investigator answered, late yesterday afternoon, regarding only two of the four items.

The requested information may provide admissible evidence and is of importance to the defense for trial preparation. The remaining two items, if produced, may be too voluminous to review in advance of trial.

For all the above reasons, the trial date should be adjourned.

Dated: February 23, 2017                s/John Minock
                                        Attorney for Defendant
                                        339 E. Liberty Street, Suite 200
                                        Ann Arbor, Michigan  48104
                                        734-668-2200; fax: 734-668-0416
                                        jminock@cramerminock.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

s/John Minock